## PEOPLE vs. GARIBALDI.

*Fourth Judicial District Court, August, 1857.*

REASONABLE DOUBT—MALICE AFORETHOUGHT.

By reasonable doubt, is not meant a mere suspicion that the defendant may be innocent or guilty, or that any theory of the defense or prosecution may be correct, but a reasonable doubt of the defendant's guilt, after considering the whole testimony. The question is rather, is the judgment convinced? or, is there, after a review of the testimony, a reasonable doubt, and the judgment is not entirely satisfied?

Malice aforethought, according to its legal meaning, is not confined to murders committed in cold blood, with settled determination and premeditation, but extends to all cases of homicide, however sudden the occasion, where the act is done with such cruel circumstances as are the ordinary indications of a wicked, depraved, and abandoned heart; as when the punishment inflicted by a party, even upon some sudden provocation, is outrageous in its nature and continuance, and beyond all proportion to the offense, so that it is rather to be attributed to malignity and brutality, than to human infirmity.

The facts of the case as proven on the trial are briefly as follows :— That on the night of the killing, the deceased and prisoner met in a dance house, on Pacific street, and after having some dispute about a place on the floor for dancing, they went out to fight. The prisoner gave the invitation to fight, and the deceased assented. The prisoner then took off his coat, went out of the house, followed by deceased, and a fight ensued between them in the street. Whilst they were thus engaged the prisoner was seen to disengage himself, step back a short space, run his hand down into his pantaloons, then to withdraw it as if drawing something out, and then to rush upon deceased, and strike or thrust at his body. Another person was also seen striking over the parties upon deceased's head. Then within a few moments deceased fell, bleeding from a severe wound in the body, through the ribs into the chest and lungs, and almost immediately expired.

Upon this being proclaimed, and a call made to arrest the slayer, the prisoner and another person ran from the ground down the street. The one person who ran was recognized as the prisoner, who had on a white shirt, and was without his coat and hat. The other was unknown, and had on a blue or gray shirt, and had a hat in his hand. The prisoner was arrested a short distance below by an officer; blood was found upon his clothes and person, and a cut upon his left wrist and

right thumb, and on the next morning a knife was found in the street, near the spot where the prisoner was arrested.

*H. H. Byrne,* District Attorney, for prosecution.

*G. F. James* and *G. W. Tingley,* for defense.

HAGER, J.—*Gentlemen of the Jury:*

The prisoner has been indicted by the Grand Jury of the county and charged with the murder of Richard Smith. To the indictment the prisoner has pleaded "not guilty." The issue thus formed, whether or not he is guilty of the offense charged against him, or of any other offense which is necessarily included in that with which he is charged in the indictment, you have been empanneled as a jury to try and determine by your verdict.

It is my duty to declare to you such matters of law as I may think pertinent to the issue, and necessary for your information; and although I can state the testimony, it is exclusively your province to consider, judge of, and apply the facts as disclosed by that testimony.

If you come to the conclusion that deceased came to his death from the immediate effect of a wound inflicted with a knife by the defendant, then he must be guilty either of *murder in the first degree, murder in the second degree, manslaughter, or excusable or justifiable homicide.* These are severally defined by our statute law as follows: (which the court here read to the jury).

In a criminal action the defendant is presumed to be innocent until the contrary be proved, and in case of a *reasonable doubt* as to whether or not his guilt be reasonably shown, he is entitled to be acquitted; but if the killing be proved, then the burden of proving circumstances of mitigation, or that justify or excuse the homicide, devolves on the defendant, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounts to manslaughter, or that the defendant was justified or excused in committing the homicide. By reasonable doubt, is not meant a mere suspicion that the defendant may be innocent or guilty, or that any theory of the defense or prosecution may be correct, but a reasonable doubt of the defendant's guilt, after considering the whole testimony. The question is rather, is the judgment convinced? have you come to a conclusion in your own

minds as to the guilt or innocence of the party? or is there, after a review of the testimony, a reasonable doubt, and your judgment is not entirely satisfied? The defendant is entitled to the benefit of such doubts if they exist.

Malice aforethought, according to its legal meaning, is not confined to murders committed in cold blood, with settled determination and premeditation, but extends to all cases of homicide, however sudden the occasion, where the act is done with such cruel circumstances as are the ordinary indications of a wicked, depraved, and abandoned heart; as when the punishment inflicted by a party, even upon some sudden provocation, is outrageous in its nature and continuance, and beyond all proportion to the offense, so that it is rather to be attributed to malignity and brutality, than to human infirmity.

Express malice is the deliberate intention unlawfully to take away the life of a fellow creature, which is manifested in external circumstances, and capable of proof.

Malice is implied where no considerable provocation appears, or where all the circumstances of the killing show an abandoned and malignant heart. The malice necessary to constitute the crime of murder is not confined to an intention to take away the life of a person, or to spite, malevolence, or revenge, which may be manifested by external acts and declarations, but also includes an intent to do an unlawful act, which may probably end in depriving a person of life. Where no malice is expressed the law will sometimes imply that there was malice, as, by way of illustration, where a person willfully poisons another; or if the killing be done without a considerable provocation; for no person, unless of an abandoned and malignant heart, would be guilty of such an act upon a slight, or no apparent cause.

(The court then stated the testimony.)

Now it is not controverted but that the deceased died from the wound received, and you will probably have no difficulty in coming to a conclusion upon that point.

The next question for you to determine is, by whom was this wound inflicted; or rather, does the testimony point out the prisoner as the guilty perpetrator of this act? Is your judgment satisfied, from the acts, position, and declarations of the prisoner, the blood and cuts upon his person, as disclosed by the evidence, or from any other proven

acts, that he inflicted the mortal wound ? or are you unable to come to a conclusion in your own minds, and do you entertain a reasonable doubt of the prisoner's guilt, or a belief that some other person did the deed ? Can you explain the circumstances against the prisoner, and find them consistent with his innocence ? How came those cuts and blood, and why did he reach down into his pantaloons ? These are questions and circumstances to be passed upon by you. It is not necessary that you should only consider the positive or direct proof, in arriving at a conclusion ; you may *infer*, or presume, guilt from circumstantial evidence alone, and, in arriving at a verdict, you are at liberty to take into consideration any circumstances in evidence, either for or against the prisoner.

It is natural and reasonable to suppose that a criminal, as far as possible, would conceal the positive proof of his guilt, and if convictions could only be had upon positive proof, it might be difficult, in some of the plainest cases, to bring the guilty to justice.

In regard to what has been termed the confessions of the prisoner, I will charge you as follows.

(The court read from 1 Greenleaf on Ev., §§214, 215.)

Your verdict, if general, should be either *guilty*, or *not guilty*. If the prisoner is neither guilty of murder in the first or second degree, nor of manslaughter, your verdict should be not guilty. If your verdict should be guilty, you must specify the degree of guilt, or rather, the particular grade of crime. If you should come to the conclusion that the prisoner unlawfully killed the deceased, and that the killing was *willful*, *deliberate*, and *premeditated*, you may, by your verdict, find him guilty of *murder in the first degree*. If you should come to the conclusion that the prisoner, with malice, either express or implied, unlawfully killed the deceased, but that the act was not willful, or was without deliberation or premeditation, you may find him guilty of murder in the second degree. You may also, if you should so find, render a verdict, guilty of manslaughter.

In conclusion, gentlemen, permit me to remind you of the important, the solemn duty that now devolves upon you. Human life is involved in the issue submitted to you, and whilst attentively examining the evidence, and seeking for every circumstance that will extenuate or excuse the offense charged against the defendant, you must not forget

that in the very heart of our city, in one of our most public streets, a citizen has been deprived of life by the hand of violence ; and whilst you should be cautious that you do not condemn the innocent, you should also be cautious that you do not set the guilty free, and fix upon our land the blood of a murderer.

With these remarks I leave you to your deliberations, in full confidence that you will be able to agree upon such a verdict as will be sustained by the evidence and your own consciences.